Ashley A.N. LINDSEY, Appellant,

v.

Joshua D. PRUITT, Respondent,

Steven Pruitt, Respondent,

Haulers Insurance Company, Inc., Respondent.

No. WD 68968.

Missouri Court of Appeals, Western District.

Nov. 4, 2008.

Jeffrey T. Adams, Clinton, MO, for appellant.

Jeffrey Todd Davis, Springfield, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Ashley Lindsey appeals a grant of summary judgment against her on her claim for equitable garnishment against Haulers Insurance Co., Inc. The sole issue is whether either Steven Pruitt's or Joshua Pruitt's negligence was covered by the garagekeepers liability insurance policy of Jim's 66, owner of the vehicle driven by Joshua Pruitt at the time of a collision. Haulers claimed, among other defenses, that neither Pruitt was an "insured" under the terms of Haulers' policy.

Lindsey was severely injured while a passenger in a car driven by Joshua Pruitt, son of Steven Pruitt. The elder Pruitt had permission to drive the car from Jim Eichler, owner of Jim's 66. Steven Pruitt had brought a truck he owned to Eichler's service station for mechanical repairs. Eichler offered a small number of used cars for sale as well as operating a service station at the same location. When the repairs were not done at the end of the day, Eichler let Steven Pruitt take one of the cars for sale on his lot until the next day. Eichler testified that this was a "test drive." Pruitt testified that he was given the car as a loaner while his vehicle was being repaired. That night the 16 year old son, who had no driver's license, took the keys for the vehicle without his parents' express permission. Later that evening, he lost control of the vehicle and crashed causing the injury to Lindsey.

She subsequently filed suit against both Pruitts and Benton County. Steven Pruitt's insurer, American Family, initially denied coverage but later provided coverage with limits of $100,000. Thereafter Lindsey, Pruitt, and American Family entered into a section 537.065 settlement agreement whereby judgment could be taken against the Pruitts but Lindsey would agree that any recovery in excess of $40,000 would be had only from Eichler's policy with Haulers Insurance. American Family paid the $40,000 on behalf of the Pruitts and Lindsey also received a $15,000 settlement from Benton County. She thereafter took a judgment against the Pruitts for $175,000. She then filed this equitable garnishment action seeking satisfaction of the unsatisfied amount of $120,000 of the judgment.

Haulers filed a motion for summary judgment contending as to the son, Joshua Pruitt, that he (1) was not a named insured under the policy; (2) did not have permission from Eichler to use the vehicle; (3) was not a customer of Eichler's business; and (4) had other available insurance coverage exceeding the Missouri required $25,000 minimum limits. As to the father, Haulers contended that he (Steven Pruitt) (1) was not a named insured; and (2) had other available insurance coverage exceeding Missouri's minimum limits. The trial court entered summary judgment in favor of Haulers and Lindsey now appeals.

## Standard of Review

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mo. R. Civ. P. 74.04(c)(6). "When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* "We accord the non-movant the benefit of all reasonable inferences from the record." *Id.* "Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* "[A]n appellate court need not defer to the trial court's order granting summary judgment." *Id.*

A defending party may establish a right to summary judgment by showing

(1) facts that negate *any one* of the claimant's element facts, (2) that the nonmovant, after an adequate period of discovery, has not been able to produce,

and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly—pleaded affirmative defense.

*Id.* at 381.

## Discussion

Lindsey argues that there were material issues of fact as to whether Steven Pruitt and/or Joshua Pruitt were "insureds" under the Haulers policy because Steven Pruitt had express permission from Eichler to operate and test drive Eichler's vehicle and Joshua, as a member of Steven's family, had either implied permission from Eichler or expressed or implied permission from his father, who was Eichler's permittee. Who is an "insured" under an insurance policy is defined by the policy itself. Although there may be material facts in dispute as to implied permission and its scope, those differences are unnecessary to resolve in this case. Haulers was entitled to summary judgment as a matter of law because, even assuming that Joshua had implied permission from Eichler, neither he nor his father was an "insured" under the policy.

Haulers' policy includes as an "insured" a person driving the vehicle with the permission of the named "insured" and who is not a customer (if the policy defines Eichler as an auto dealership *and* the permittee has his own insurance). Lindsey does not contend that Steven Pruitt and thereby Joshua Pruitt by extension were not customers. Nor does she dispute that Steven and Joshua Pruitt had insurance coverage through Steven's insurer, American Family, under the non-owned auto provision of that policy.

Rather, Lindsey contends that the customer provision is an exclusion upon which Haulers bears the burden of proof and that there is a material dispute of fact as to whether Eichler is an auto dealership. Because the customer provision is part of the definition of an insured, it is Lindsey's burden to show that either or both Pruitts were "insureds" under the policy. Lindsey's only argument is that Eichler was not an auto dealership under any commonly understood meaning. That argument misses the point. The policy provision in question is dependent upon whether the policy itself identifies Eichler as an auto dealership in the declarations.

■ The page of the policy entitled "GARAGE COVERAGE FORM DECLARATIONS" lists, under the heading "NAMED INSURED'S BUSINESS:," the words "Service Station; Dealership." Lindsey argues that this is insufficient to implicate the "auto" dealership exception of "customers" from coverage as an "insured." However, the bottom of this first declarations page reads, "THIS DECLARATION MUST BE COMPLETED BY THE ATTACHMENT OF A SUPPLEMENTARY SCHEDULE." The plain meaning of this sentence is that any attached supplementary schedule is part of the "declarations." The very next page of the policy is entitled "GARAGE COVERAGE FORM—AUTO DEALER'S SUPPLEMENTARY SCHEDULE." The subsequent four pages are similarly titled.

Because these pages are part of the declarations, and application of the "customer" provision of the insuring clause hinges solely on the wording of the Declarations, there is no genuine issue as to the material fact that Eichler's business is an auto dealership under the terms of the insuring provision of the policy. As such, Joshua Pruitt is not an insured if he is a "customer," unless the exception to this

applies. That provision would, in spite of the provision removing customers of an auto dealership from the definition of "insured," nevertheless provide coverage up to the minimum required by Missouri's safety responsibility law if no other insurance was available. It is admitted that at least minimum coverage was provided by American Family.

■ However, Lindsey argues an alternative reason that Steven Pruitt is insured by the policy. In addition to permittees of a named insured, the policy lists as insureds, "(3) Anyone liable for the conduct of an 'insured' described above [including a permitee] but only to the extent of that liability." In the underlying case, the Circuit Court of Benton County entered judgment against Steven Pruitt for negligent entrustment of the car to Joshua Pruitt. Negligent entrustment is a cause of action that holds one liable for the conduct of another. *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 825 (Mo. banc 1995). As we have already discussed Joshua Pruitt is not an "insured." This provision, therefore, provides no independent basis for providing coverage to Steven Pruitt.

Because neither Pruitt was an "insured" under the Haulers' policy, the court correctly entered summary judgment on Haulers' behalf. The judgment is affirmed.

JAMES M. SMART, JR., Presiding Judge, and THOMAS H. NEWTON, Judge, concur.